BEFORE THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **LUCINDA PALOMO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| - v. - | } | **Civil Action No:** _5:21-CV-1145_____ |
| | § | |
| **ACTION STAFFING SOLUTIONS,** | § | |
| **INC,** | § | |
| | § | |
| **Defendant.** | § | |

### PLAINTIFF'S INITIAL VERIFIED COMPLAINT

## I. *Introduction*

1.     ***Comes now***, the Plaintiff Lucinda Palomo, through her undersigned counsel, to

file her causes of action alleging that the Defendant, Action Staffing Solutions, Inc.,

(herein after referred to as "ASSI") discriminated against the Plaintiff for being a

Mexican American female over forty (40) years old, when ASSI's supervisor Mr. Paul

Tyquingco summarily removed the Plaintiff from her job on September 18, 2020, as an

employee of ASSI.  The Plaintiff was a contract civilian employee at the San Antonio

Military Medical Center (SAMMC), Brooke Army Medical Center ("BAMC") located at

Fort Sam Houston, Texas 78234.  The Plaintiff has exhausted her administrative remedies

before the U.S. Equal Employment Opportunity Commission (hereinafter referred to as

the "Commission").  The Plaintiff has ninety (90) days from the date she received the

Commission's *Dismissal and Notice of Rights* ("*Notice*").  (*See* Ex. 1, copy of the

Commission's *Notice* dated August 27, 2021, posted *via* email).  Effectively, the Plaintiff

has up to and including the 25th of November 2021, to file her Complaint alleging discrimination. [*See Fed.R.Civ.P.* at *Rule 6(a)(1)*].  The Plaintiff alleges the following:

## II. *Jurisdiction and Venue*

2.      Paragraph 1 is hereby incorporated directly, indirectly and/or by implication where necessary in the reading and interpretations of the following allegation(s):

3.      This Court is vested with subject matter and *in personam* jurisdiction pursuant to *Title 42 USC § 2000e-5(f)*.

4.      Venue is proper before this Court due to the fact that all of the Plaintiff's claims arose while she was living and working in San Antonio, Texas, and both parties are located within the Western District of Texas, San Antonio Division.

## III. *Parties*

5.      Paragraphs 1 through 4 are hereby incorporated directly, indirectly and/or by implication where necessary in the reading and interpretations of the following allegation(s):

6.      The Plaintiff Lucinda Palomo resides at 123 Meadow Park, San Antonio, Texas 78227.  She can be served with process, motions and pleadings through her undersigned counsel Lorenzo W. Tijerina's local office located at 1911 Guadalupe, San Antonio, Texas 78207, telephone number (210) 231-0112.

7.      The Defendant's home office is located at 883 Cleveland Avenue, Loveland, Colorado 80537 and is doing business at BAMC located at Fort Sam Houston, Texas 78234, Joint Base San Antonio ("JBSA").  ASSI provides civilian staffing personnel at BAMC.  The Defendant can be served through its Registered Agent and Chief Executive

Officer Ms. Robin L. Fisher, mailing address is 833 N. Cleveland Ave., Action Staffing

Solutions, Loveland, CO 80537.

## IV. *Procedural History*

8.      Paragraphs 1 through 7 are hereby incorporated directly, indirectly and/or by

implication where necessary in the reading and interpretations of the following

allegation(s):

9.      On or about July 20, 2021, the Plaintiff filed an administrative complaint of

discrimination before the Commission alleging that she was discriminated against due to

her female gender, ethnicity as a Mexican American female over 40 years old who was

intentionally exposed to discrimination and a hostile work environment by her immediate

supervisor Mr. Paul Tyquingco.  Ex. 2, Plaintiff's Complaint before the Commission.

10.     On or about August 27, 2021, the Plaintiff received the Commission's *Notice*

providing the Plaintiff the right to sue within 90 days of receipt of the *Notice*.

Effectively, the Plaintiff has up to and including November 25, 2021 to file her complaint

of discrimination before the Court.  Ex. 1.

## V. *Operative Facts*

11.     Paragraphs 1 through 10 are hereby incorporated directly, indirectly and/or by

implication where necessary in the reading and interpretations of the following

allegation(s):

12.     As a federal contractor that provides federal contract employees for the U.S. Army

at BAMC, ASSI is mandated to comply and work in-tandem with the U.S. Department of

the Army to enforce antidiscrimination laws prohibiting discriminatory conduct against all ASSI's employees.

13.     From October 1, 2019, the Plaintiff worked for ASSI as a Lead/Trainer at BAMC. The Plaintiff was a carryover contract employee from Precision Task Group, Inc., the former personnel staffing contractor at BAMC.  Altogether, the Plaintiff had been working at BAMC as a contract employee for over 25 years.

14.     The Plaintiff's work schedule was set at eight hours per work day with start and ending work times varying and assigned by Defendant's supervisor Mr. Paul Tyquingco. The Plaintiff's duties were basically orientating and training new employees hired by ASSI to work at BAMC for ASSI.  The Plaintiff's duties included assembling and distributing ASSI's employees' policy handbook and the distribution of training schedules and materials utilized in training new and current ASSI employees.

15.     Since the day that ASSI successfully bid and was awarded the BAMC contract in October 2018 through the present, ASSI retained Mr. Tyquingco as ASSI's manager of the BAMC's hospital project.  Moreover, from the time that ASSI was awarded the BAMC contract it also hired Mrs. Linda Tyquingco to work for ASSI and directly works for Mr. Tyquingco.  Effectively, from the day ASSI was awarded the BAMC contract ASSI and Mr. Tyquingco are engaging in nepotism in favor of the Tyquingcos.  To further illustrate, Mrs. Linda Tyquingco is only scheduled to work at the Jennifer Moreno Clinic ("Moreno Clinic") at Fort Sam Houston Monday through Friday and no weekends. Mrs. Tyquingco is scheduled to work ten hours per day, five days a week, while the Plaintiff was ordered to work overtime and weekends at different work stations

throughout BAMC.

16.    In late June or early July 2020, Mr. Tyquingco approached the Plaintiff and informed her that she had to take her vacation for 2020 or lose it, "use or lose" vacation time.  At which time, the Plaintiff offered to take her vacation from August 17 – 28, 2020, with a return date of Monday, August 31, 2020, Mr. Tyquingco approved the Plaintiff's vacation time.

17.    The Plaintiff returned from her vacation on Monday, August 31, 2020; whereby, Mr. Tyquingco informed the Plaintiff that she had to complete a mandated Health Insurance Privacy and Portability Act ("HIPPA") training course no later than Monday, August 31, 2020.  The Plaintiff completed the HIPPA course.

18.    On September 18, 2020, Mr. Tyquingco informed the Plaintiff that she was being removed from her employment for submitting her timesheets late and showing favoritism to the second shift.  Mr. Tyquingco also accused the Plaintiff of not acknowledging or talking to certain people within the department; for allowing a federal security guard to hug her and for not completing four HIPPA training courses by August 31, 2020 while Plaintiff was on vacation.  The vacation time and schedule Mr. Tyquingco had previously approved for the Plaintiff.

19.    The facts support that the Plaintiff timely submitted her timesheets on Fridays pursuant to ASSI's company policy.  Ex. 3.

20.    Moreover, the facts support that the Plaintiff was not ever counseled *via* ASSI's progressive *Disciplinary Guidelines* as to any of the infractions alleged by ASSI *via* Mr. Tyquingco.

21.     It is a matter of record that ASSI condones nepotism.  ASSI is well aware that Mr.

Tyquingco supervises his wife, Ms. Linda Tyquingco, who is never scheduled to work

weekends and she is permitted to select her own weekly schedule.  While, other ASSI's

employees are required to work weekends and overtime when Mr. Tyquingco so orders.

## VI. *Plaintiff's Counts of Discrimination Against ASSI Are*:

22.     Paragraphs 1 through 21 are hereby incorporated directly, indirectly and/or by

implication where necessary in the reading and interpretations of the following

allegation(s):

## Count One—Discriminatory Nepotism

23.     *ASSI Allowes Mr. Paul Tyquingco and Mrs. Linda Tyquingco to Intentionally
Engaged in the Prohibited Personnel Practice of Nepotism Which Directly
Discriminated Against the Plaintiff and Violated Title VII of the Civil Rights
Act of 1964, as amended.*

The Plaintiff alleges ASSI knew and condoned Mrs. Linda Tyquingco working

directly for her husband, Mr. Paul Tyquingco; whereby, he displays favoritism towards

Mrs. Tyquingco by having her work only at one duty station, the Jennifer Moreno Clinic

("Moreno Clinic") Monday through Fridays for ten hours per workday; i.e. Mrs.

Tyquingco is guaranteed ten hours overtime each week while other ASSI employees are

not guaranteed overtime.  Mr. Tyquingco does not schedule Mrs. Tyquingco to work on

any weekends nor is she ever assigned to any other duty station.  Mr. Tyquingco provides

Mrs. Tyquingco the advantage of not having to work in any other duty desk except the

Moreno Clinic and only working overtime from Mondays through Fridays.

24.     All other ASSI's employees working at BAMC are mandated to work the overtime

days and hours demanded by ASSI and Mr. Tyquingco. This conduct by ASSI and Mr.

Tyquingco clearly discriminated against all other ASSI's employees at BAMC.

25.     The Plaintiff further alleges that she was discriminated against by Mr. Tyquingco

and ASSI when the Plaintiff was summarily removed from her job by Mr. Tyquingco and

ASSI.

## Count Two-Gender Discrimination

26.     *By Mr. Paul Tyquingco's Summarily Removing the Plaintiff, ASSI Engaged in Gender Discrimination Against the Plaintiff in Violation of Title VII of the Civil Rights Act of 1964, as amended.*

27.     ASSI's *Employee Policy and Procedure Handbook*, provides that ASSI's

employees are to receive counseling prior to being removed from their employment with

ASSI:

> *Disciplinary Guidelines*
>
> From time to time, problems related to an employee's employment might develop. Such problems may include, but are not limited to, violations of a Company policy, performance deficiencies and other job-related situations. It is the Company's desire that, where appropriate, these problems be the subject of candid and open conversation with the goal of improvement and prompt resolution.
>
> It is essential that all employees accept personal responsibility to maintain high standards of conduct and job performance, including the observance of Company rules and policies. In dealing with deficiencies in conduct and work performance, Action [ASSI] tries to be fair and consistent in its treatment of employees. Many factors are taken into consideration if it becomes necessary to discipline an employee, including the nature and seriousness of the offense, the employee's past record, the total impact on the Company and any mitigating or aggravating circumstances. In general, discipline is applied in progressive steps as follows:
>
> > Teaching Opportunities
> > Verbal Warning

7

> Written Warning
> Termination of Employment
> ...
>
> Supervisor may place an employee on temporary suspension in order to conduct a proper investigation.

28.     The Plaintiff alleges that ASSI through its supervisor Mr. Tyquingco discriminated against the Plaintiff due to her female gender in violation of *Title VII of the Civil Rights Act of 1964*, as amended, codified at *17 USC § 2000.* The facts further support that ASSI through Mr. Tyquingco treated ASSI's male employees better than ASSI's female employees.

29.     The Plaintiff further alleges that the Defendant discriminated against the Plaintiff due to her female gender when the Defendant's supervisor Mr. Tyquingco did not apply the Defendant's *Disciplinary Guidelines* to the Plaintiff's removal.

## Count Three—Age Discrimination

30.     *By Mr. Paul Tyquingco's Summarily Removing the Plaintiff, ASSI Engaged in Age Discrimination Against the Plaintiff in Violation of the Age Discrimination Act of 1967, as amended.*

31.     The Plaintiff alleges that the Defendant and Mr. Tyquingco removed the Plaintiff from her position as a Lead/Trainer due to Defendant's supervisor's, Mr. Tyquingco's, discrimination against the Plaintiff due to her age being over 40 years old in violation of the *Age Discrimination in Employment Act of 1967*, as amended. The Defendant knows the Plaintiff's age due to the fact that the Defendant is in possession of the Plaintiff's work history cited at her personnel file submitted at the time she was employed by the Defendant.

32.    The Plaintiff further alleges that the Defendant discriminated against the Plaintiff due to her age being over 40 years old when the Defendant's supervisor Mr. Tyquingco did not apply the Defendant's *Disciplinary Guidelines* at the Plaintiff's removal.

### Count Three—National Origin Discrimination

33.    *By Mr. Paul Tyquingco's Summarily Removing the Plaintiff, ASSI Engaged in National Origin Discrimination Against the Plaintiff in Violation of Title VII of the Civil Rights Act of 1964, as amended, codified at Title 42 USC § 2000e et seq.*

34.    The Plaintiff alleges that she was removed from her employment with ASSI due to her National Origin (Mexican American) in violation of the *Title VII*, codified at *Title 42 USC § 2000e et seq*: (1) The Plaintiff is a member of the group of individuals which *Title VII* was enacted to protect—Mexican Americans a dark skinned minority group. (2) ASSI and Mr. Tyquingco summarily removed the Plaintiff as a Lead/Trainer causing the Plaintiff financial damages and emotional distress. (3) At the time of her removal, the Plaintiff made Mr. Tyquingco aware of his and ASSI's discriminatory practices; however, he/they refused to promptly correct the discrimination. (4) The Defendants' removal of the Plaintiff was due to her National Origin and ethnicity, dark skinned Mexican American.

35.    The Plaintiff further alleges that she summarily was removed from her over 16 year employment at BAMC due to her being a Mexican American in violation of *Title 42 USC § 2000e et seq*. The Plaintiff alleges that her comparator Mrs. Linda Tyquingco was/is given preferential treatment by the Defendant and Mr. Tyquingco over the Plaintiff.

### Count Four—Harassment

36.   *By Mr. Paul Tyquingco's Summarily Removing the Plaintiff, ASSI Engaged in Harassment Discrimination Against the Plaintiff in Violation of Title VII of the Civil Rights Act of 1964, as amended.*

37.   The Plaintiff alleges that she was harassed and removed from her employment with ASSI due to her being a Mexican American, her female gender and being over 40 year old in violation of ASSI's *Employee Handbook* as Lead/Trainer in violation *Title VII*, codified at *Title 42 U.S.C. § 2000e-2(a)(1)*, the Plaintiff is: (1) a member of a protected class; (2) was qualified for the position she held; (3) was summarily removed from her position as a Lead/Trainer; (4) was replaced by someone outside of her protected class; and (5) the Plaintiff made Mr. Tyquingco aware of his and ASSI's harassment; however, they failed to take prompt remedial action.

### Count Five—Defendant's Failure to Provide
### The Plaintiff the Benefits of ASSI's Personnel Policies

38.   Defendants failed to provide the Plaintiff due process upon her removal. ASSI's *Employee Handbook* provides employees with the opportunity to have a grievance upon the employee's removal. The facts establish that the Plaintiff formally requested a grievance hearing directly from Mr. Tyquinco and he did not provide the Plaintiff with the benefit of a grievance hearing.

### VII. Attorneys' Fees

40.   Plaintiff also request reasonable and necessary attorneys' fees for claims of discrimination.

## VIII. *Demand for Jury Trial*

41.     Paragraphs 1 through 40 are hereby incorporated directly, indirectly and/or by implication where necessary in the reading and interpretation of the following allegation(s):

42.     The Plaintiff respectfully request a jury trial.

## IX. *Remedies*

43.     Paragraphs 1 through 42 are hereby incorporated directly, indirectly and/or by implication where necessary in the reading and interpretation of the following allegation(s):

      a.     Three hundred thousand dollars ($300,000.00) in compensatory damages;

      b.     any and all equitable relief including back pay, front pay and any other actual loss of income;

      c.     punitive damages; and

      d.     any and all remedies at law and in equity found to be just and owing.

Respectfully submitted,

/s/Lorenzo W. Tijerina
Lorenzo W. Tijerina, Attorney for
Plaintiff Lucinda Palomo
Local Address: 1911 Guadalupe
San Antonio, Texas 78207
Telephone No. (210) 231-0112
Facsimile No. (210) 212-7215
Email Address: tasesq@msn.com

## X. *Verification*

I, Lucinda Palomo, the Plaintiff in the instant matter, hereby verify pursuant to the

penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Lucinda Palomo

11/17/21

Date