IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LUCINDA PALOMO,<br>     *Plaintiff* | §<br>§<br>§ |
| -vs- | §     SA-21-CV-01145-XR<br>§<br>§ |
| ACTION STAFFING SOLUTIONS, INC.,<br>     *Defendant* | §<br>§<br>§ |

## ORDER

On this date, the Court considered Defendant's motion to dismiss (ECF No. 5), Plaintiff's response (ECF No. 9), and Defendant's reply (ECF No. 10). The Court also considered Defendant's motion to strike (ECF No. 11). After careful consideration, the Court issues the following order.

### BACKGROUND

Plaintiff Lucinda Palomo ("Palomo") brings this employment-discrimination action against her former employer, Defendant Action Staffing Solutions ("ACS"), for alleged violations of Title VII and the Age Discrimination in Employment Act ("ADEA"). ECF No. 1 at 7–10. Palomo alleges that her termination on September 18, 2020, was the result of unlawful discrimination. *Id.* Specifically, Palomo alleges that ACS discriminated against her on the basis of her gender, national origin, age, subjected her to harassment, engaged in discriminatory nepotism, and failed to follow its internal personnel policies. *Id.*

Following her September 18, 2020, termination, Palomo filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on July 20, 2021. *Id.* at 3. The EEOC issued Palomo her notice of right to sue on August 27, 2021, and Palomo filed the instant

action on November 18, 2021. *Id.* ACS now moves to dismiss Palomo's complaint. ACS contends that because Palomo's EEOC charge was filed after the 300-day limitations period, her claim is time barred. ECF No. 5. In response, Palomo has filed several exhibits showing she was in communication with the EEOC regarding her charge before the 300-day period expired in an apparent attempt to refute ACS's limitations defense. ECF No. 9. ACS moves to strike these exhibits. ECF No. 11.

## DISCUSSION

### I.  Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." Fed. R. Civ. P. 8(a). The complaint "must contain either direct allegations or permit properly drawn inferences to support every material point necessary to sustain recovery." *Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) (internal quotation marks and citations omitted).

In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to

the nonmoving party. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (stating that the Court should neither "strain to find inferences favorable to plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions."). Further, "[a] motion to dismiss may be granted on a statute of limitations defense where it is evident from the pleadings that the action is time-barred, and the pleadings fail to raise some basis for tolling." *Taylor v. Bailey Tool Mfg. Co.*, 744 F.3d 944, 946 (5th Cir. 2014).

## II.  Analysis

ACS argues that Palomo's claims are time-barred because her EEOC charge was filed on July 20, 2021, more than 300 days after her termination on September 18, 2020. In response, Palomo argues that her EEOC charge was timely filed. To support her argument, Palomo has attached several exhibits to her response brief. *See* ECF No. 9. These exhibits show that she was in communication with the EEOC regarding her charge beginning March 4, 2021, and that she had attempted to file her charge before the 300-day limitations period, but the EEOC San Antonio Field Office rejected her charge. *See id.*

"Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court." *Taylor v. Books a Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002). Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a

notice of right to sue. *Id.* at 379. "In a State that has an entity with the authority to grant or seek relief with respect to the alleged unlawful practice, an employee who initially files a grievance with that agency must file the charge with the EEOC within 300 days of the employment practice[.]" *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002). "However, filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Granger v. Aaron's, Inc.*, 636 F.3d 708, 711 (5th Cir. 2011).

Here, Palomo's complaint alleges that her charge was filed "on or about July 20, 2021,"—305 days after her termination on September 18, 2020. ECF No. 1 at 3; ECF No. 1-1 at 3. Consequently, Palomo's complaint is subject to dismissal unless she can show that the 300-day limitations period should be tolled. *See Granger*, 636 F.3d at 711–12 ("The plaintiff has the burden to provide justification for equitable tolling."); *Taylor*, 744 F.3d at 946. Palomo's complaint is devoid of any factual allegations concerning tolling. The sole allegation concerning her EEOC charge is that it was filed "on or about July 20, 2021," after the 300-day limitations period. ECF No. 1 at 3; ECF No. 1-1 at 3. Taking the allegations in the complaint as true, Palomo's complaint must be dismissed. *See Taylor*, 744 F.3d at 946.

The exhibits Palomo submits in response to ACS's motion to dismiss may provide a basis for tolling, but the Court cannot consider such evidence in resolving ACS's motion to dismiss. "In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Documents attached to a motion to dismiss "are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). The

4

exhibits Palomo submits cannot be considered part of the pleadings because she does not refer to them in her complaint. Accordingly, the Court will not consider these exhibits at this juncture, and ACS's motion to strike the exhibits is denied as moot. As such, the Court concludes that Palomo's claims are time-barred and must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (ECF No. 5) is **GRANTED**. Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiff is granted leave to file an amended complaint by **July 15, 2022**. To the extent Plaintiff believes, in good faith, that equitable tolling applies, she must affirmatively plead these allegations in her amended complaint.

It is further **ORDERED** that Defendant's motion to strike (ECF No. 11) is **MOOT**.

It is so **ORDERED**.

**SIGNED** this 1st day of July, 2022.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE