UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LUCINDA PALOMO, | § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. SA-21-CV-01145-XR |
| ACTION STAFFING SOLUTIONS, INC., | § § | |
| *Defendant*. | § § | |

## ORDER

On this date, the Court considered Defendant's Motion for Attorneys' Fees. ECF No. 46.

## BACKGROUND

On July 5, 2023, the Court granted Defendant Action Staffing Solutions, Inc. ("Staffing") Motion for Summary Judgment, dismissing with prejudice Plaintiff Lucinda Palomo's claims for discriminatory nepotism, gender discrimination, age discrimination, national origin discrimination, harassment, and hostile work environment under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq*., and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, *et seq*. ECF No. 43. The same day, the Court entered its Final Judgment. ECF No. 44.

## DISCUSSION

Defendant Staffing now requests $140,867.29 in attorneys' fees. ECF No. 46 at 1. As a general rule, litigants must pay their own attorneys' fees. *Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 997 (5th Cir. 2008) (citing *Alyeska Pipeline Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975)). In a Title VII case, a district court "may in its discretion award attorney's fees to a prevailing defendant . . . upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Id*. (quoting *Christiansburg*

1

*Garment Co. v. EEOC*, 434 U.S. 412, 421–22 (1978)). Having won summary judgment, Defendant Staffing is the prevailing party.

The Court must therefore consider whether Plaintiff's Title VII and ADEA action was frivolous, unreasonable, or without foundation. A court should "resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Stover*, 549 F.3d at 997 (citing *Christiansburg*, 434 U.S. at 421–22). An action is not frivolous if, for example, "there was sufficient evidence in the record to survive summary judgment on the race and gender discrimination claims under Title VII." *Id*. at 998. However, the Fifth Circuit has affirmed an award of fees to a prevailing defendant-employer where "there was no direct evidence of any intentional racial discrimination against [the plaintiff] and no statistical showing of disparate treatment or effect," and "[a]ll of the other evidence . . . was to the contrary." *Jackson v. Color Tile, Inc.*, 803 F.2d 201 (5th Cir. 1986) (citing *Christiansburg*, 434 U.S. at 420).

In this case, Plaintiff's claims did not survive summary judgment. *See* ECF No. 39. With regard to her discrimination claims, the Court found that Plaintiff failed to identify a sufficient comparator to establish her prima facie case of discrimination. The Court found that Plaintiff failed to establish that she was replaced by someone outside of her protected class or was treated less favorably than others similarly situated (required to establish a prima facie claim of gender or national origin discrimination pursuant to Title VII) or that she was replaced by someone younger or otherwise discharged because of her age (required to establish a prima facie claim of age discrimination pursuant to the ADEA). The Court also found that Plaintiff's claim for discriminatory nepotism was not actionable under Title VII or the ADEA.

Defendant Staffing argues that the Court should find that all of Plaintiff's claims were frivolous, unreasonable, or without foundation, and that Plaintiff should have known her discriminatory nepotism claim was legally baseless under Fifth Circuit precedent. ECF No. 46-1 at 4–5. Defendant contends that, despite the ample time parties had to conduct discovery, the basis for Plaintiff's claims was almost exclusively related to her own subjective disagreement with Defendant's decision to terminate her employment. The Court disagrees. While Plaintiff did not prevail, she did offer more than just her own assertions of subjective discrimination. And while the Court ultimately determined that Palomo's identified comparator, Linda Tyquiengco, was not a valid comparator, her claims were not wholly without foundation. She provided at least some factual bases to support her claims such that Defendant cannot prevail in satisfying the *Christiansburg* standard for attorneys' fees.

"The 'stringent standard' for Title VII defendants seeking attorneys' fees 'is intended to ensure that plaintiffs with uncertain but arguably meritorious claims are not altogether deterred from initiating litigation by the threat of incurring onerous legal fees should their claims fail.'" *Santos v. Wincor Nixdorf, Inc.*, No. 1:16-CV-440-RP, 2019 WL 1333036, at *2 (W.D. Tex. Mar. 25, 2019) (citing *Anderson v. Harrison Cty., Miss.*, 639 F. App'x 1010, 1017 (5th Cir. 2016)). In this context, the Supreme Court has emphasized that "the term 'meritless' is to be understood as meaning groundless or without foundation, rather than simply that the plaintiff has ultimately lost [the] case." *Christiansburg*, 434 U.S. at 421. Although Palomo was not meritorious, the Court finds nothing in the record demonstrating that, taken together, her claims were "without foundation" or "completely unfounded." *See Anderson*, 639 F. App'x at 1017. The Court concludes that her claims were not frivolous, unreasonable, or without foundation. To the extent that Defendant is correct that Plaintiff's claim for discriminatory nepotism lacks legal basis in Fifth

3

Circuit case law, the Court emphasizes that defending against that single cause of action did not prejudice the Defendant such that an award of attorneys' fees is warranted under the stringent *Christiansburg* standard. Indeed, defending against the discriminatory nepotism claim, if as unfounded as Defendant claims it to be, should have required little resources. Defendant devoted only a single page of its Motion for Summary Judgment to defending against Plaintiff's claim for discriminatory nepotism. *See* ECF No. 39 at 12–13.

Finally, as Defendant contended in its Reply in support of its Motion for Summary Judgment, and as the Court concluded in its Order, it appears that Plaintiff abandoned her discriminatory nepotism claim in her Response to the Motion for Summary Judgment. Plaintiff's response indicated that Linda Tyquiengco was identified to serve as a comparator for her disparate impact claims. *See* ECF No. 41 at 15 ("The Plaintiff's claim of discriminatory nepotism does not fail ab initio. The Plaintiff included the relationship of nepotism between Mr. and Mrs. Tyquiengco because Mrs. Tyquiengco is the Plaintiff's comparator.") The Court therefore concludes that Defendant is not entitled to attorneys' fees under Title VII or the ADEA.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Attorneys' Fees (ECF No. 46) is **DENIED**.

It is so **ORDERED**.

**SIGNED** this 1st day of August, 2023.

                                            XAVIER RODRIGUEZ
                                            UNITED STATES DISTRICT JUDGE